UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK C. C.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. **3:24-cv-05358-BAT**<br><br>**ORDER REVERSING AND REMANDING** |

Plaintiff appeals the ALJ's decision finding him not disabled. Plaintiff contends the Court should remand this matter because the ALJ (1) erred at step-five; (2) failed to develop the record; and (3) misevaluated medical opinions and Plaintiff's testimony. Dkt. 9. The Court agrees the ALJ harmfully failed to develop the record regarding Plaintiff's heart condition and right arm venous thrombosis and this error requires remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

After conducting a hearing, the ALJ issued a decision in which she found Plaintiff's "depression, anxiety, and meth induced heart failure with history of meth, cannabis and tobacco use" are severe impairments. Tr. 20. The parties agree the ALJ's questions and statements at the hearing held in this case indicate the ALJ believed obtaining cardiac test results was critical to

ORDER REVERSING AND REMANDING - 1

assess whether Plaintiff is disabled. At the hearing, the ALJ questioned Plaintiff about testing that had been done regarding his heart condition. Plaintiff was unsure and his attorney stated, "Your Honor, I don't see any recorded document ejection fraction since that time." Tr. 56. The ALJ then stated:

> Yeah, so as you know counsel, I need to have those ejection fraction tests during periods of non-crises to be able to figure out the actual ability of the heart to do its work. Yeah, so I'm kinda missing some pieces here. And then of course all of that is important for me to decide whether or not, of course Mr. [C] either meets or would equal possibly the listing. But also to gauge whether or not this would be an issue that lasts 12 months or more because this occurred in November '22 and you know I'll be up front the medical records look like he's made a miraculous recovery. So those two pieces are really important to me to figure out the severity of his impairment 12 months or more for meets or equals. Now I'm not discounting that these – this is a serious impairment for me to definitely place limitations in any RFC that I provide so the vocational expert. But just to let you know that is what I need.

Tr. 56-57. Plaintiff's counsel then indicated to the ALJ that he would reach out to Plaintiff's cardiology team to "express the need for updated notes . . . and also about ejection fractions." *Id.* at 57.

The ALJ ended the hearing stating:

> There is another item that needs to be discussed before we end the hearing and that would be the items that we talked about that I still needed. So, the letter from the cardiologist and the - - any ejection fraction tests during a time of stability or the claimant physically and then the cognitive testing your neuropsychiatric evaluation that was referred to but wasn't included in the medical record. And please let me know what the status is would submit them within two weeks."

Tr. 67-68.

Although the parties agree the ALJ stated that obtaining cardiac test results was critical to assessing whether Plaintiff was disabled, they disagree whether the ALJ harmfully erred by

ORDER REVERSING AND REMANDING - 2

failing to obtain these test results. Plaintiff argues the ALJ had a duty to develop the record, and erroneously failed to do so. The Commissioner disagrees arguing the record is neither ambiguous nor inadequate and did not require development, and the ALJ discharged any duty she might have had to develop the record by granting Plaintiff leave to supplement the record.

The ALJ is required to develop the record to resolve ambiguities. "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001) (quotation omitted). Here, the ALJ stated "I need to have those ejection fraction tests during periods of non-crises to be able to figure out the actual ability of the heart to do its work." This statement establishes the ALJ herself found the record was inadequate and thus triggered her duty to develop the record.

The Commissioner argues even if the ALJ had a duty to develop the record, she fulfilled that duty by leaving the record open citing *Cornelissen v. Colvin,* No. 1:13-CV-01751-SMS, 2015 WL 649111, at *8 (E.D. Cal. Feb. 5, 2015) and *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The Court finds the ALJ's duty to develop the record is not automatically fulfilled whenever the ALJ leaves the record open. Rather the Court finds the unique circumstances of each case should be assessed to determine whether leaving the record open is sufficient grounds to find the ALJ has met the duty to develop the record.

There is no dispute the ALJ has a duty to develop an ambiguous or insufficient record. As the Court of Appeals for the Ninth Circuit has stated "if the ALJ thought he needed to know the basis of [a doctor's] opinions in order to evaluate them, he has a duty to conduct an appropriate inquiry, for example by subpoenaing the physicians or submitting further questions to them." *Smolen v. Chater*, 80 F.2d 1273, 1288 (9th. Cir. 1996). The ALJ's duty to affirmatively

develop the record applies in all cases. *See* 20 C.F.R. § 404.1512(b)(1) ("we will make an initial request for evidence from your medical providers."); *see also Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir. 1983) (ALJ has a special duty to fully develop the record even when a claimant is represented by counsel). Additionally, the ALJ possesses the authority to develop the record by ordering additional testing or examination. *See* C.F.R. § 416.919(a) (the Commissioner may "purchase" a consultative examination if the information cannot be obtained from a claimant's medical sources).

Obviously, if the record is not insufficient or ambiguous the ALJ need not obtain an additional examination or additional testing. *See A.Z. v. Malley,* 711 F.Supp.3d 1106, 1110 (N.D. Cal. 2024). In this case, however, the ALJ specifically stated she needed ejection fraction tests during periods of non-crises to determine Plaintiff's functioning and whether he met the requirements of a listed impairment. As the missing evidence might support a finding of disability the ALJ was obligated to develop the record. The Court acknowledges the ALJ made an effort to develop the record by leaving it open; but in light of the ALJ's affirmative duty to develop the record, and the significance of the ejection fraction tests, the Court concludes the ALJ erred. *See e.g., Rivers v. Colvin*, 2016 WL 7349716 at * 4 (C.D. Cal. Dec. 19 2016) ("in light of the ALJ's affirmative duties to develop the record and the clear references to treatment from an orthopedist following Plaintiff's September 2013 diagnosis in the AR, the ALJ failed to satisfy his duty to conduct a full and fair inquiry.").

The error is harmful because the missing test results (1) may support a step-three finding that Plaintiff meets or equals the requirements of a listed impairment; and (2) may affect the Plaintiff's residual functional capacity (RFC), and any subsequent step-five finding. The Court accordingly concludes the case must be remanded for further proceedings.

The Court further finds that the above error requires the ALJ on remand to reassess Plaintiff's testimony and the opinions of K. Mansfield-Blair, Psy.D. and J. Wolfe, Ph.D. because Plaintiff testified his heart condition caused fatigue. This limitation and its impact on Plaintiff's mental and physical RFC should accordingly be reassessed on remand.

And finally, because the ALJ's error potentially affects the findings at step-three and the RFC determination, the ALJ shall on remand make new step-five findings as appropriate and as needed.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall further develop the record as discussed above and reassess whether Plaintiff meets or equals the requirements of a listed impairment; if Plaintiff does not meet the requirements of a listed impairment, reassess the opinions of Drs. Mansfield-Blair and Wolf and also Plaintiff's testimony; reassess RFC as needed and proceed to the remaining steps as appropriate.

DATED this 18th day of November, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge